**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MOSHE Z. MARVIT, in his personal capacity
and in his official capacity as Commissioner of
the Federal Mine Safety and Health Review
Commission,

           *Plaintiff*,

   v.

DONALD J. TRUMP, in his official capacity as
President of the United States,

MARCO M. RAJKOVICH, JR., in his official
capacity as Chair of the Federal Mine Safety and
Health Review Commission,

SARAH CALVIS, in her official capacity as
Special Assistant to the President, White House
Presidential Personnel Office,

DAN SCAVINO, in his official capacity as
Director of the White House Presidential
Personnel Office,

and

SCOTT BESSENT, in his official capacity as
Secretary of the Treasury,

           *Defendants*.

Case No.: 26-cv-1563

**COMPLAINT**

**INTRODUCTION**

1.      This case challenges President Donald J. Trump's purported removal of Moshe Z.

Marvit from his position as a duly confirmed member of the Federal Mine Safety and Health

Review Commission ("the Mine Safety Review Commission" or "FMSHRC"). Commissioner

Marvit seeks redress for this unlawful and unjustified purported termination by President Trump

and Mine Safety Review Commission Chair Marco M. Rajkovich, Jr..

2.      Congress established the Federal Mine Safety and Health Review Commission as an independent federal adjudicatory agency that provides administrative trial and appellate review of legal disputes arising under the Federal Mine Safety and Health Act of 1977 (the "Mine Act"), 30 U.S.C. § 801, *et seq*.

3.      Duly appointed by the President and confirmed by the Senate, Mine Safety Review Commission members serve terms of six years. 30 U.S.C.§ 823(b)(1). Congress gave the President the authority to remove commissioners in a delimited set of circumstances. Specifically, only the President may remove commissioners of the Mine Safety Review Commission, and only for the statutory grounds of "inefficiency, neglect of duty, or malfeasance in office." *Id*. at 823(b)(1)(B).

4.      On May 1, 2026, Special Assistant to the President Sarah Calvis, on behalf of President Trump, emailed Commissioner Marvit that his "position as Federal Mine Safety and Health Review Commissioner is terminated, effective immediately."

5.      Ms. Calvis's email on behalf of President Trump did not cite <u>any</u> grounds for the purported termination, and thanked him for his service.

6.      President Trump's purported termination of Commissioner Marvit from his position is an *ultra vires* act in violation of Section 823 of the Mine Act.

7.      Since 1887, Congress has created independent agencies led by multi-member commissions whose commissioners are appointed by the President but removable only for cause, including multiple agencies whose role is to act as an independent arbiter to adjudicate disputes. The Mine Safety Review Commission is one such independent agency.

8.       The Supreme Court has for nearly a century maintained virtually identical for-cause removal protections for the members of quasi-judicial, multi-member agencies like the

2

Mine Safety Review Commission. *See Humphrey's Executor v. United States*, 295 U.S. 602 (1935).

9.      No recent decisions have addressed the constitutionality of for-cause removal protections for members of purely adjudicatory agencies like the Mine Safety Review Commission under *Humphrey's Executor*. *See Harris v. Bessent*, 160 F.4th 1235, 1257 (D.C. Cir. 2025).

10.     The Mine Safety Review Commission is a purely adjudicatory agency.

11.     Commissioner Marvit therefore brings this action against President Trump, Mine Safety Review Commission Chair Rajkovich, Special Assistant to the President Calvis, Director of Presidential Personnel Scavino, and Treasury Secretary Bessent seeking a declaratory judgment and further relief to reverse the continued deprivation of his statutory entitlement to complete his term as Commissioner and exercise the important duties of his office—namely, adjudicating critical mine safety disputes and mine whistleblower retaliation complaints that help protect America's hardworking miners.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's causes of action arise under the Constitution and laws of the United States.

13.     This Court also has subject matter jurisdiction under 28 U.S.C. § 1361, as Plaintiff seeks a writ of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to him by allowing him to exercise his statutory duties as Commissioner of the Mine Safety Review Commission.

14.     Venue is proper in this district under 28 U.S.C. § 1391(b), (e) because this action seeks relief against federal agencies and officials acting in their official capacities, at least one

3

Defendant is located in this District, a substantial part of the events giving rise to this claim occurred in this District, and the Mine Safety Review Commission is located in this District pursuant to 30 U.S.C. § 823a.

## PARTIES

15.     Plaintiff Moshe Z. Marvit is a Commissioner of the United States Mine Safety and Health Review Commission. Commissioner Marvit was confirmed by the Senate to a six-year term expiring August 30, 2028.

16.     Defendant Donald J. Trump is the President of the United States. He is responsible for the decision purporting to remove Plaintiff from his positions. He is sued in his official capacity.

17.     Defendant Marco M. Rajkovich, Jr. is the Chair of Federal Mine Safety and Health Review Commission. In that capacity, he is responsible for the administrative operations of the Mine Safety Review Commission. 30 U.S.C. § 823(b)(2).

18.     Defendant Sarah Calvis is the Special Assistant to the President for the White House Presidential Personnel Office. She is sued in her official capacity.

19.     Defendant Dan Scavino is the Director of the White House Presidential Personnel Office. He is sued in his official capacity.

20.     Defendant Scott Bessent is the Secretary of the Treasury of the United States. He is sued in his official capacity.

## STATUTORY BACKGROUND

21.     The Federal Mine Safety and Health Review Commission is an independent agency of the United States.

22.    Established in 1977 by Congress pursuant to the Federal Mine Safety and Health Act (the "Mine Act"), Public Law 95-164, the Mine Safety Review Commission is a quasi-judicial adjudicatory body that provides independent trial and appellate review of legal disputes arising under the Mine Safety and Health Administration's ("MSHA") enforcement actions.

23.    The Mine Safety Review Commission is headquartered at 1331 Pennsylvania Avenue NW, Suite 520N, Washington, DC, 20004-1710. 30 U.S.C. § 823a ("The principal office of the Commission shall be in the District of Columbia.").

24.    The Mine Safety Review Commission is not a part of nor affiliated with the United States Department of Labor ("DOL") or MSHA.

25.    Under the Mine Act, the DOL develops and promulgates regulations to "protect the health and safety of the Nation's coal or other miners." 30 U.S.C. § 801(g).

26.    MSHA mine inspectors enforce DOL's regulations by issuing orders and citations to mine operators. 30 U.S.C. § 815.

27.    Most of the Mine Safety Review Commission's cases involve civil penalties imposed against mine operators related to health and safety violations.

28.    The Mine Safety Review Commission also reviews cases regarding mine closure, safety-related discrimination cases against miners, and miners' request for compensation.

29.    The Mine Safety Review Commission's Administrative Law Judges ("ALJs") conduct trials raising challenges to MSHA citations and orders.

30.    Any person adversely affected or aggrieved by the ALJ's decision may file a petition for review with the Mine Safety Review Commission. 30 U.S.C. § 823(d)(2)(A)(i).

31.    Review is discretionary and is only granted by an affirmative vote of at least two Commissioners. 29 C.F.R. § 2700.70(b).

32.    Occasionally, the Mine Safety Review Commission may *sua sponte* direct a case for review on its own motion. 29 C.F.R. § 2700.71.

33.    The Mine Safety Review Commission has no policymaking role.

34.    The Mine Safety Review Commission's authority "does not extend to reviewing the Secretary [of Labor's] policy-based enforcement decisions." *Speed Mining, Inc. v. FMSHRC*, 528 F.3d 310, 319 (4th Cir. 2008).

35.    Instead, the Mine Safety Review Commission's statutory role is to "operate as a neutral arbiter that possesses nonpolicy-making adjudicatory powers." *Id.* at 319 (cleaned up).

36.    The Mine Safety Review Commission exercises no executive functions.

37.    The Mine Safety Review Commission is a purely adjudicatory body. *See Sec'y of Lab. v. KC Transport, Inc.*, No. 22-1071, ___ F.4th ___, 2026 WL 1042075, at *11, *17 (D.C. Cir. Apr. 17, 2026).

38.    Under the Mine Act, Congress provided that the Mine Safety Review Commission "shall consist of five members, appointed by the President by and with the advice and Consent of the Senate[.]" 30 U.S.C. § 823(a).

39.    Under the Mine Act, Congress provided that the members of the Mine Safety Review Commission must be "by reason of training, education, or experience [] qualified to carry out the functions of the Commission[.]" *Id.*

40.    Under the Mine Act, the President designates one member to serve as Chair, who "shall be responsible on behalf of the Commission for the administrative operations of the Commission." *Id*. at § 823(a), (b)(2).

41.    Other members of the Mine Safety Review Commission do not have administrative powers, unless deputized by the Chair.

42.     Under the Mine Act, Congress provided that, once confirmed, members of the Mine Safety Review Commission serve a term of six (6) years, staggered to ensure that no more than two (2) of the commissioners' terms expire at the same time. *Id.* at § 823(b)(1)(A).

43.     Under the Mine Act, Congress provided that any "vacancy caused by death, resignation, or removal of any member prior to the expiration of their term for which he was appointed shall only be filled until the remainder of such unexpired term." *Id*. at § 823(b)(1)(B).

44.     The Mine Safety Review Commission requires a minimum of three commissioners to hear cases. When at least three Commissioners are present, two members constitute a quorum. *Id.* at § 823(c).

45.     At the time of the purported termination of Commissioner Marvit, there was one vacancy on the Mine Safety Review Commission.

46.     Under the Mine Act, Congress provided that members of the Mine Safety Review Commission may be removed by the President for only three reasons: "inefficiency, neglect of duty, or malfeasance in office." *Id.* at § 832(b)(1).

47.     In *Humphrey's Executor*, the Supreme Court established the constitutionality of such limitations on the President's power to remove the members of quasi-judicial, multi-member agencies.

48.     The Mine Safety Review Commission's protection-from-removal provision is constitutional.

## FACTUAL ALLEGATIONS

49.     Commissioner Marvit has served on the Mine Safety Review Commission since March 2024.

50.    Prior to serving as a member of the Mine Safety Review Commission, Commissioner Marvit worked as a Supervisory Attorney Advisor at the Mine Safety Review Commission from July 2012 to March 2024. Before joining the Mine Safety Review Commission, he worked in private practice representing the United Steelworkers, and employees in pension and discrimination matters.

51.    On June 22, 2022, then-President Joseph R. Biden nominated Commissioner Marvit to serve on the Mine Safety Review Commission. However, because his nomination did not come to a floor vote for two years, on January 11, 2024, President Biden nominated Commissioner Marvit for a third time, to a term ending on August 30, 2028.[1]

52.    On March 6, 2024, the United States Senate voted to confirm Commissioner Marvit to his position.[2]

53.    On March 25, 2024, Commissioner Marvit received his commission and began his term as Commissioner.

54.    Since his appointment to the Mine Safety Review Commission, Commissioner Marvit has been active in adjudicating cases that advance the express terms of the Mine Act of protecting the health and safety of miners.

55.    President Trump was sworn in to his second presidential term on January 20, 2025.

---

[1] *PN1348 – Moshe Z. Marvit - Federal Mine Safety and Health Review Commission*, 118th Congress (2023-2024), https://www.congress.gov/nomination/118th-congress/1348. Commissioner Marvit was nominated for the second time on January 23, 2023. *Nominations Sent to the Senate,* The White House (Jan. 23, 2023), https://bidenwhitehouse.archives.gov/briefing-room/statements-releases/2023/01/23/nominations-sent-to-the-senate-92/.

[2] *PN1348 – Moshe Z. Marvit - Federal Mine Safety and Health Review Commission,* 118th Congress (2023-2024), https://www.congress.gov/nomination/118th-congress/1348.

56.    On May 1, 2026, Commissioner Marvit received an email to both his Mine Safety Review Commission email address and his personal email address from Defendant Calvis that stated, in its entirety:

> On behalf of President Donald J. Trump, I am writing to inform you that your position as Federal Mine Safety and Health Review Commissioner is terminated, effective immediately. Thank you for your service[.]

57.    Within a few minutes of the purported termination email, Commissioner Marvit's access to all Mine Safety Review Commission networks was disconnected.

58.    Within an hour of the purported termination email, Commissioner Marvit's cellphone issued by the Mine Safety Review Commission went into "lost phone mode," thereby making the phone unusable.

59.    Over the following weekend, the Mine Safety Review Commission announced a layoff of many additional staff.

60.    On May 5, 2026, Commission Chair Rajkovich circulated an email to Mine Safety Review Commission staff, stating "On behalf of my fellow Commissioners and myself, we are writing to inform you that Commissioner Marvit is no longer with the Commission."

61.    To date, Commissioner Marvit has not received any paperwork or termination details from any entity, beyond the purported termination email from Defendant Calvis on behalf of President Trump.

62.    To the best of Plaintiff's knowledge, President Trump's removal of Commissioner Marvit marks the first time in the Mine Safety Review Commission's nearly 50-year history that a President has attempted to remove a Mine Safety Review Commissioner from office.

## FIRST CAUSE OF ACTION
### VIOLATION OF THE MINE SAFETY ACT

63.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set herein.

64.    Commissioner Marvit has a clear entitlement to remain in office. Once confirmed by the Senate, members of the Mine Safety Review Commission serve their full term. 30 U.S.C. § 823(b)(1). A commissioner may only be removed from that term "by the President for inefficiency, neglect of duty, or malfeasance in office." *Id.*

65.    Accordingly, President Trump's termination of Commissioner Marvit is *ultra vires* and is a clear violation of the statute.

## SECOND CAUSE OF ACTION
### ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 706(1) AND 706(2)
(Against Defendant Rajkovich)

66.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set herein.

67.    To the extent Defendant Chair Rajkovich exercises authority with respect to, or on behalf of, the Mine Safety Review Commission without regard to Commissioner Marvit's position as a member, those actions are "not in accordance with the law," "contrary to a constitutional right, power, privilege, or immunity," and "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2).

68.    Commissioner Marvit seeks to hold unlawful and set aside such actions pursuant to Section 706 of the Administrative Procedure Act and to compel agency action unlawfully withheld or unreasonably delayed.

10

## THIRD CAUSE OF ACTION
### DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201 AND 2202

69.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set herein.

70.     Commissioner Marvit is entitled to declaratory relief on the basis of all identified claims. There is a substantial and ongoing controversy between the Commissioner Marvit and the Defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that Commissioner Marvit is a duly appointed and Senate-confirmed member of the Mine Safety Review Commission and that the President does not have authority to remove him absent inefficiency, neglect of duty, or malfeasance in office.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE SEPARATION OF POWERS

71.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set herein.

72.     President Trump's purported removal of Commissioner Marvit is further invalid because it violates Article I, section 8 and Article II, sections 2 and 3 of the U.S. Constitution. The Constitution empowers Congress to set reasonable limitations on the removal of the heads of independent agencies and it does not confer on the President an authority to violate Congress's scheme. The President's purported removal of the Commissioner Marvit violates the authorities vested in Congress by the Constitution and further violates the President's duty to "take Care that the Laws be faithfully executed."

## FIFTH CAUSE OF ACTION
### VIOLATION OF FIFTH AMENDMENT PROCEDURAL DUE PROCESS, PROPERTY INTEREST

73.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set herein.

11

74.    The Due Process Clause of the Fifth Amendment to the U.S. Constitution guarantees that "no person shall . . . be deprived of life, liberty, or property, without due process of law." Commissioner Marvit has a protected property interest in his continued employment with the Mine Safety Review Commission through August 30, 2028.

75.    Defendants' actions to terminate Plaintiff without due process unlawfully deprived him of that property interest.

76.    Plaintiff has suffered adverse and harmful effects from the deprivation of his property interests in his employment, including but not limited to loss of income. As such, he is entitled to reinstatement and backpay.

## SIXTH CAUSE OF ACTION
### MANDAMUS

77.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set herein.

78.    In the alternative, Commissioner Marvit is entitled to a writ of mandamus. The Mine Act's removal restrictions impose a ministerial duty on the President and subordinate officials not to interfere with Mine Safety Review Commission members' tenure in office absent cause for inefficiency, neglect of duty, or malfeasance in office. *See* 30 U.S.C. § 823(b)(1).

79.    Plaintiff is entitled to a writ of mandamus prohibiting his removal from office and, absent this Court granting one of the counts identified above, there is no other adequate means of redress.

## SEVENTH CAUSE OF ACTION
### EQUITABLE RELIEF FOR STATUTORY AND CONSTITUTIONAL VIOLATIONS

80.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set herein.

12

81.     Under this Court's traditional equitable jurisdiction, Commissioner Marvit is entitled to equitable relief to prevent and restrain ongoing statutory and constitutional violations by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Commissioner Marvit respectfully requests that this Court:

a.     Declare that the President's purported removal of Plaintiff Moshe Z. Marvit was unlawful, and that Plaintiff Moshe Z. Marvit remains a member of the Federal Mine Safety and Health Review Commission whose access and rights associated with his position shall be restored;

b.     Declare that members of the Federal Mine Health and Safety Review Commission may be removed by the President only for inefficiency, neglect of duty, or malfeasance in office;

c.     Order that Commissioner Marvit may not be removed from his office as a member of the Federal Mine Safety and Health Review Commission or in any way be treated as having been removed, denied, or obstructed in accessing any of the benefits or resources of his office, or otherwise be obstructed from his ability to carry out his duties, absent a statutorily-provided basis for removal;

d.     Order Defendants to pay Plaintiffs Moshe Z. Marvit all wages and benefits owed to him as Commissioner of the Federal Mine Safety and Health Review Commission for the period for which he was wrongfully deprived of his legitimate office;

e.     Award Plaintiff's attorney fees and costs; and

f.     Award all other appropriate relief.

**KATZ BANKS KUMIN LLP**

<u>/s/ Lisa Banks</u>
Lisa Banks (she/her) (D.C. Bar. No. 470948)
Pamela J. Stone (she/her)* (D.C. Bar No. 90036964)
Katz Banks Kumin LLP
11 Dupont Circle, NW, Suite 600
Washington, DC 20036
(202) 299-1140
banks@katzbanks.com
stone@katzbanks.com

Hugh Baran (he/him)^ (D.C. Bar No. 90037091)
Emma Walters (she/her)^ (D.C. Bar No. 90041815)
Katz Banks Kumin LLP
111 Broadway, Suite 1403
New York, NY 10006
(646) 759-4501
baran@katzbanks.com
walters@katzbanks.com

*(D.C. District Court admission to be filed)
^(D.C. District Court admission applications pending)


*Counsel for Plaintiff Moshe Z. Marvit*

14